IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST Guy T.
LUDVIGSON, Attorney at Law.

Supreme Court

*No. 85–0979–D. Filed April 7, 1986.*
(Also reported in 383 N.W.2d 903.)

PER CURIAM.  *Attorney disciplinary proceeding; complaint dismissed.*

The referee concluded that Attorney Guy T. Ludvigson had not engaged in unprofessional conduct by reason of his payment of settlement proceeds to his client rather than to his client's assignee. The complaint of the Board of Attorneys Professional Responsibility (Board) alleged that Attorney Ludvigson had assisted his client in conduct he knew was fraudulent or illegal. Although no recommendation was made, it is implicit in the referee's report that she would recommend the disciplinary proceeding be dismissed.

Attorney Ludvigson was admitted to practice law in Wisconsin in 1976 and practices in Osceola. He has

118

not previously been the subject of attorney disciplinary proceedings. The referee is Attorney Janet A. Jenkins.

In 1982, Attorney Ludvigson represented a man in a personal injury claim. When that client became indebted to another in the amount of $37,000, the client executed an assignment of the proceeds of the personal injury claim to the creditor. The creditor wrote Attorney Ludvigson, asking that he retain a copy of the assignment in his file and, when the action was settled, make an accounting and payout to him pursuant to the assignment. By return letter, Attorney Ludvigson acknowledged the receipt and retention of the copy of the assignment furnished by the creditor, but he stated that he would follow his client's directions concerning the payment of the proceeds and, further, that he would not personally guarantee the client's obligation.

When the creditor subsequently wrote to Attorney Ludvigson asking for a status report on the personal injury claim, Attorney Ludvigson replied by letter that the claim had been settled and that the proceeds, less his attorney fees and expenses, had been paid directly to the client. Attorney Ludvigson also told the creditor that the client had revoked the assignment of the proceeds and had instructed him to pay the full amount of the proceeds to the client, without making any payment to the creditor.

Following a hearing in the disciplinary proceeding, the referee found that Attorney Ludvigson did not sign a "receipt and acceptance" of the copy of the assignment, as the creditor requested, and that he wrote to the creditor that he would follow his client's directions concerning the payment of the settlement proceeds and was in no way acting as a guarantor of any payment by the client to the creditor. The referee

found that Attorney Ludvigson had not advised his client to dishonor the assignment but advised the client that he would disburse the money pursuant to his instructions. The client directed Attorney Ludvigson to disburse the proceeds to the client, not to the creditor, and Attorney Ludvigson did so.

The referee concluded that the client's action in revoking the assignment was neither illegal nor fraudulent, although it might have given rise to a breach of contract claim by the creditor against the client. The referee also concluded that Attorney Ludvigson "neither counseled nor assisted the [client] in conduct which he knew to be illegal or fraudulent." Accordingly, the referee concluded that the Board failed to prove by clear and satisfactory evidence that Attorney Ludvigson's conduct was in violation of the applicable disciplinary rule, SCR 20.36(1)(g).

We accept the referee's findings and conclusions, and we determine that this disciplinary proceeding should be dismissed.

IT IS ORDERED that this disciplinary proceeding is dismissed on the merits.